IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,

    Plaintiff,

  v.

NATIONAL CONSOLIDATED COURIERS, INC., a corporation, and TANWEER AHMED, an individual

    Defendants.

No. C 15-01026 WHA

**TEMPORARY RESTRAINING ORDER AND ORDER RE ENFORCEMENT OF ADMINISTRATIVE SUBPOENAS**

A hearing on plaintiff's motion for a temporary restraining order was held on March 12, 2015. The parties were requested to submit a joint proposed order regarding defendants' compliance with the Secretary of Labor's administrative subpoenas, relating to production of documents responsive to the Secretary's investigation into defendants' employee classifications, as discussed at the hearing. The parties have stated that they were unable to agree on a joint proposal, and instead each submitted their own proposed orders. Based on these proposals, the parties are ordered as follows:

(1) Defendants are enjoined from interfering with the Secretary's investigation and shall not intimidate any witness or retaliate against any person for exercising his or her rights under the Fair Labor Standards Act.

(2) Defendants shall preserve and shall not delete any documents related to the Secretary's investigation, including but not limited to, emails, text messages, voice mails, and all other documents sought by the administrative subpoenas.

(3) Defendants shall provide the following notice to all employees, contractors and vendors that work with, or for, NCCI by posting this notice in any and all locations necessary to ensure that such individuals are likely to view it:

> The Secretary of Labor is conducting an investigation into NCCI and Tanweer Ahmed, including whether the couriers should be classified as employees. You are protected by the Fair Labor Standards Act.
>
> The United States District Court for the Northern District of California has ordered NCCI and Tanweer Ahmed, and anyone acting on their behalf, not to retaliate against, threaten to retaliate against, intimidate, or attempt to influence or in any way threaten employees from providing information to the Department of Labor.
>
> The Court has also ordered that no documents, including e-mails, text messages, and voice mails related to the Secretary of Labor's investigation may be destroyed.
>
> It is a violation of federal law for NCCI, or Tanweer Ahmed, or anyone acting on their behalf, to retaliate against any person for participating in the Secretary of Labor's investigation or to instruct any person to destroy documents related to the investigation.
>
> It is a violation of federal law to destroy, or attempt to destroy, any documents, electronic files, emails, text messages, or voicemails related to the Secretary of Labor's investigation.
>
> If you are an employee of NCCI and have documents in your possession including, but not limited to, text messages or emails, that have been requested by the Secretary of Labor, please immediately inform NCCI's attorney Ron Arena by calling 415-433-1062. If you are not an employee of NCCI and have documents in your possession including, but not limited to, text messages or emails, that have been requested by the Secretary of Labor and are related to NCCI's employment classification of its couriers, please contact the Secretary of Labor by calling Mary Pham at 408-282-4768.
>
> If you believe you have been retaliated against for participating in the Secretary of Labor's investigation or instructed to destroy documents by NCCI, Tanweer Ahmed, or anyone acting on their behalf, call the U.S. Department of Labor by contacting Mary Pham at 408-282-4768.

(4) Defendants are ordered to pay for the services of a third-party data recovery service to obtain an exact image copy of the hard drives, back-up drives, other

2

backup electronic media, and servers housing any email messages at the following NCCI locations:

(a) NCCI San Leandro. 14755 Catalina Street, San Leandro, California 94755;

(b) NCCI San Jose. 836 Jury Court, San Jose, California, 95112;

(c) NCCI Sacramento. 4009 West Seaport Blvd, West Sacramento, California, 95691.

Defendants shall provide the third-party data recovery service all information, including but not limited to all usernames and passwords, necessary to access the copies at a later date. Kivu Consulting is hereby appointed and approved to complete the work described in this paragraph, which must begin no later than **MARCH 19, 2015**.

(5) Investigators from the Department of Labor's Wage and Hour Division are authorized to attend the imaging, provided that an attorney representative designated by defendants shall also be entitled to attend the imaging and nothing in this order permits any representative from the Wage and Hour Division to review or gain access to any of defendants' documents, including electronic documents, during the imaging process.

(6) Defendant Tanweer Ahmed shall produce all emails that are currently in his custody and control and responsive to the Secretary's administrative subpoenas, to attorneys for the Secretary not later than **MARCH 26, 2015**.

(7) Defendants shall produce all documents responsive to the Secretary's administrative subpoenas not later than **APRIL 12, 2015**.

(8) Defendants shall make a good faith effort to produce as many emails as it can reasonably identify as responsive to the administrative subpoenas by **MARCH 26, 2015.**

3

(9) If, after receiving documents produced by defendants in response to the administrative subpoenas, the Secretary has reason to believe that defendants' document production is incomplete or that there are documents that have been omitted from the production, a Special Master for Electronic Data Recovery and Production shall be appointed by the Court. Defendants shall pay for the Special Master's services. The Special Master shall be prepared to work with the third party data recovery service retained by defendants in order to recover all information responsive to the Secretary's administrative subpoenas. The Special Master shall further be prepared to determine which documents shall be produced to the Secretary and which documents are non-responsive or privileged. The Special Master shall periodically report to the Court on the foregoing. The parties shall submit the name of the proposed Special Master to the Court. If the parties are unable to agree on a Special Master the Court will appoint one.

(10) A hearing is hereby set for **TEN A.M. ON APRIL 22, 2015**, where defendants must show cause, if any exists, why a preliminary injunction should not issue enjoining defendants from further destruction of evidence and interfering with the Secretary's investigation. If the parties are able to stipulate to a proposed injunction, then there will be no need for this hearing.

The fact that certain provisions in the parties' proposals have not yet been adopted does not mean that they have been rejected and would not be approved in the future. Some proposals were deemed unnecessary in light of other language.

**IT IS SO ORDERED.**

Dated: March 17, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4