UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THOMAS E. PEREZ**, Secretary of Labor, United States Department of Labor,<br><br>　　　　　Plaintiff,<br>v.<br><br>**NATIONAL CONSOLIDATED COURIERS, INC.**, a corporation, and **TANWEER AHMED**, an individual<br><br>　　　　　Defendants. | No.: 3:15-cv-01026 WHA<br><br>**[PROPOSED] ORDER TO COMPEL PRODUCTION OF DOCUMENTS** |

　　　On May 4, 2015, a status conference was held regarding the administrative subpoenas issued to Defendants by the Secretary of Labor, and issues related thereto.

　　　On March 17, 2015, the Court ordered Defendants to produce all responsive documents to the Secretary's administrative subpoenas by no later than April 12, 2015. Dkt. No 16, p. 3:22-23.  The Court also ordered Defendant Ahmed to produce all emails in his custody and control and responsive to the Secretary's

1 administrative subpoenas to attorneys for the Secretary no later than March 26,
2 2015. *See id.*, p. 3:18-21.
3      On March 27, 2015, the Court granted Defendants' motion to continue the
4 two aforementioned deadlines and set new deadlines as follows: the March 26,
2015 deadline was continued to April 2, 2015; and the April 12, 2015 deadline was
5 continued to April 27, 2015.
6      To date, Defendants have failed to comply with the administrative
7 subpoenas and failed to comply with both deadlines to produce that were set by the
8 Court.  *See* Dkt. Nos. 16 and 18.  Defendants have not produced any email
9 communications to the Secretary, and have produced only a small number of other
10 documents, in violation of the Court's orders.
11      After hearing arguments from counsel for both parties at the May 4, 2015
12 status conference, the Court orders as follows:
13      (1)    By no later than May 18, 2015, Defendants shall produce, directly to
14 the Secretary and in a form that is easily accessible, all documents and files in their
15 possession, custody, or control which may be responsive to the administrative
16 subpoenas, including but not limited to all electronic files copied from Defendants'
17 computers and other electronic storage devices, including but not limited to
electronic mails and text messages.
18      (2)    Any document or file withheld by Defendants as privileged shall be
19 identified on a privilege log.  Documents must be identified by including on the
20 privilege log information sufficient to identify the title of the document, who
21 created it, and when it was created.  Email communications must be identified by
22 including on the privilege log information sufficient to identify:
23           (a) the date;
          (b) the sender;
24           (c all recipients;
25           (d) the subject line; and

(e) any attachments.

(3) Only documents individually identified on the privilege log, as explained above, may be withheld. All other documents shall be turned over immediately to the Secretary. Defendants shall serve the privilege log on the Secretary by no later than May 18, 2015.

(4) Beginning on May 19, 2015, the Secretary is authorized to obtain directly from Kivu Consulting copies of all documents and files that Kivu Consulting has obtained from or on behalf of Defendants. Kivu Consulting shall fully and immediately cooperate with the Secretary's requests and shall produce the records in an accessible and searchable format. Defendants are required to promptly pay Kivu Consulting for its services – consistent with this Court's Temporary Restraining Order, *see* Dkt. No. 16, paragraph 4 – with sufficient time to enable Kivu Consulting to provide all documents and files to the Secretary beginning May 19, 2015, including the costs necessary for Kivu to produce the records in an accessible and searchable format. Nothing in this order prevents the Secretary from communicating directly with Kivu Consulting prior to May 19, 2015, to, *inter alia*, request information, estimates of costs for services, or status updates on Defendants' compliance.

(5) When reviewing documents and files produced by Defendants, the Secretary shall take all reasonable steps to avoid reviewing, and to return to Defendants, attorney-client privileged communications. The Secretary shall maintain a log of all such communications encountered when reviewing Defendants' documents, including:

(a) the identity of the person who discovered the communication;

(b) the date and time the communication was discovered;

(c) the date and time Defendants were notified of the communication; and

        (d)    the manner in which the communication was returned to Defendants.

Copies of this log shall be made available to Defendants or the Court upon request.

    (6)    Defendants shall prepare a report detailing their efforts to conduct a diligent search for documents responsive to the administrative subpoenas. The report must describe all steps taken to locate documents, including all custodians and locations, when such steps were taken, and, if and when documents were provided to counsel for review. The report shall be provided to the Secretary not later than May 18, 2015.

    (7)    A hearing is hereby set for 8:00 A.M. on June 11, 2015, where Defendants must show cause, if any exists, why a preliminary injunction should not issue enjoining Defendants from further destruction of evidence and interfering with the Secretary's investigation. If the parties are able to stipulate to a proposed injunction, then there will be no need for this hearing.

    (8)    All other motions shall also be heard at 8:00 A.M. on June 11, 2015. Motions shall be filed by May 28, 2015; Oppositions shall be filed by June 4, 2015; Replies shall be filed by June 8, 2015.

IT IS SO ORDERED.

Dated: May 18, 2015.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE